IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01750-GPG

JOHN A. CLAICE,

    Plaintiff,

v.

PARK COUNTY SHERIFF'S DEPT.,
P.C. SHERIFF FRED WERGNER,
P.C. UNDERSHERIFF MONTE GORE,
P.C. JAIL ADMINISTRATOR CAPT. MULDOON,
P.C. DEPUTY VERMILLO,
P.C. DEPUTY CORPORAL COOPER, and
P.C. DEPUTY BREWER,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, John A. Claice, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Claice has filed *pro se* a Prisoner Complaint (ECF No. 1) asserting one claim for relief pursuant to 42 U.S.C. § 1983. Mr. Claice contends his constitutional rights were violated in June 2015 while he was housed at the Park County Jail in Fairplay, Colorado. He seeks damages as relief.

    The court must construe the Prisoner Complaint liberally because Mr. Claice is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Claice will be ordered to file an amended complaint if he wishes to pursue his claim in this action.

Mr. Claice alleges that he was housed at the Park County Jail from May 29, 2015, to June 24, 2015, while awaiting a parole revocation hearing. The constitutional claim in the Prisoner Complaint relates to the conditions of his confinement while he was housed in living unit D from May 29 until June 9. Mr. Claice asserts that Park County Jail officials failed to protect him from being assaulted by other inmates in living unit D who repeatedly sprayed his person, bunk, and bedding with a mixture of cleaning chemicals and bio-hazardous liquid containing urine and feces. Mr. Claice further alleges that he was physically assaulted by another inmate on June 9 and that he was removed from living unit D and placed in administrative segregation the same day for protecting himself from being assaulted. According to Mr. Claice, he informed jail officials about the issues he was having with other inmates by writing two kites to the shift commander on June 2 and June 3, filing a grievance addressed to Undersheriff Monte Gore on June 5, verbally complaining to Deputy Vermillo and requesting placement in protective custody on June 5, and writing a letter to Sheriff Fred Wergner on June 8. Mr. Claice maintains that Deputy Vermillo returned him to living unit D on June 5 after Mr. Claice requested placement in protective custody and that Deputy Vermillo informed gang members in living unit D that Mr. Claice was a sex offender. Mr. Claice also alleges that Deputy Pender, who is not named as a Defendant, was aware Mr. Claice was being assaulted by other inmates in living unit D and encouraged the assaults.

Mr. Claice specifically asserts his failure to protect claim as a violation of the Fifth, Eighth, and Fourteenth Amendments. The court construes the claim as an Eighth Amendment claim because "the Eighth Amendment . . . serves as the primary source of

substantive protection to convicted prisoners." *Whitley v. Albers*, 475 U.S. 312, 327 (1986). In order to state an arguable Eighth Amendment claim Mr. Claice must allege facts that demonstrate deliberate indifference to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). Deliberate indifference means that an official "may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

The Prisoner Complaint is deficient because Mr. Claice fails to allege specific facts that demonstrate each Defendant personally participated in the asserted Eighth Amendment violation. With respect to a number of the individual Defendants, Mr. Claice alleges only that he informed them of the alleged assaults in kites, grievances, and letters. However, even assuming the individuals to whom Mr. Claice corresponded actually received the kites, grievances, and letters, passive receipt of such correspondence does not demonstrate those individuals were deliberately indifferent to a substantial risk of serious harm. *See Davis v. Ark. Valley Corr. Facility*, 99 F. App'x 838, 843 (10th Cir. 2004) ("Copying [the prison warden] with correspondence outlining [an inmate's] complaints about medical care, without more, does not sufficiently implicate the warden under § 1983.").

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). A defendant may not be held liable for the unconstitutional conduct of his or her

3

subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

Mr. Claice also fails to allege facts that would support an arguable Eighth Amendment claim against Defendants in their official capacities. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978). Therefore, Mr. Claice's claim against Defendants in their official capacities must be construed as a claim against Park County. However, Mr. Claice cannot state a cognizable claim for relief against Park County unless he demonstrates he suffered an injury caused by a municipal policy or custom. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).

Mr. Claice will be ordered to file an amended complaint that clarifies the constitutional claim he is asserting and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action

harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Finally, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Accordingly, it is

ORDERED that Mr. Claice file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Claice shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Claice fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice to the extent Mr. Claice is suing Defendants who did not personally participated in the asserted constitutional violation.

DATED August 17, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge