IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01750-GPG

JOHN A. CLAICE,

    Plaintiff,

v.

PARK COUNTY SHERIFF'S DEPT.,
P.C. SHERIFF FRED WERGNER,
P.C. UNDERSHERIFF MONTE GORE,
P.C. JAIL ADMINISTRATOR CAPT. MULDOON,
P.C. DEPUTY VERMILLO,
P.C. DEPUTY CORPORAL COOPER, and
P.C. DEPUTY BREWER,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE

---

    Plaintiff, John A. Claice, is a prisoner in the custody of the Colorado Department of Corrections at the San Carlos Correctional Facility in Pueblo, Colorado. Mr. Claice initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. On August 17, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Claice to file an amended complaint that clarifies the constitutional claim he is asserting and what each Defendant did that allegedly violated his rights. Mr. Claice was warned that the action would be dismissed without further notice to the extent he is suing Defendants who did not personally participate in the asserted constitutional violation if he failed to file an amended complaint within thirty days. Mr. Claice has not filed an amended complaint and he has failed to respond in any way to Magistrate Judge

Gallagher's August 17 order.

Pursuant to 28 U.S.C. § 1915A, the Court must review the Prisoner Complaint because Mr. Claice is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b), the Court is required to dismiss the Prisoner Complaint, or any portion of the Prisoner Complaint, that is. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Prisoner Complaint in part as legally frivolous pursuant to § 1915A(b).

The Court must construe the Prisoner Complaint liberally because Mr. Claice is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Mr. Claice contends his constitutional rights were violated while he was housed at the Park County Jail from May 29, 2015, to June 24, 2015, pending a parole revocation hearing. He alleges that Park County Jail officials failed to protect him from being assaulted by other inmates in living unit D who repeatedly sprayed his person, bunk, and bedding with a mixture of cleaning chemicals and bio-hazardous liquid containing urine and feces. He further alleges that he was physically attacked by another inmate on June 9 and that he was removed from living unit D and placed in administrative segregation the same day for protecting himself from being assaulted. According to Mr. Claice, he informed jail officials prior to the June 9 attack about the issues he was having with other inmates by writing two kites to the shift commander on June 2 and June 3; filing a

grievance addressed to Undersheriff Monte Gore on June 5; verbally complaining to Deputy Vermillo and requesting placement in protective custody on June 5; and writing a letter to Sheriff Fred Wergner on June 8.   Mr. Claice maintains that Deputy Vermillo returned him to living unit D on June 5 after Mr. Claice requested placement in protective custody and that Deputy Vermillo informed gang members in living unit D that Mr. Claice was a sex offender.   Mr. Claice also alleges that Deputy Pender, who is not named as a Defendant, was aware Mr. Claice was being assaulted by other inmates in living unit D and encouraged the assaults.

Magistrate Judge Gallagher determined the Prisoner Complaint is deficient because Mr. Claice fails to allege specific facts that demonstrate each Defendant personally participated in the asserted Eighth Amendment violation.   "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."   *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).   Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential."   *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011).   A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.   See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind.   See *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

Mr. Claice fails to allege facts that demonstrate any Defendant other than Deputy Vermillo personally participated in the alleged constitutional violation. Although Mr. Claice alleges he informed other Defendants about the alleged assaults in kites, grievances, and letters, passive receipt of such correspondence does not demonstrate personal participation in the alleged constitutional violation. *See Davis v. Ark. Valley Corr. Facility*, 99 F. App'x 838, 843 (10th Cir. 2004) ("Copying [the prison warden] with correspondence outlining [an inmate's] complaints about medical care, without more, does not sufficiently implicate the warden under § 1983."). Therefore, the constitutional claim against each Defendant other than Deputy Vermillo will be dismissed as legally frivolous.

Mr. Claice also fails to allege facts that support an arguable constitutional claim against the individual Defendants in their official capacities. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). Therefore, Mr. Claice's claim against Defendants in their official capacities must be construed as a claim against Park County. Similarly, the Court construes Mr. Claice's constitutional claim against the Park County Sheriff's Department as a claim against Park County because the Park County Sheriff's Department is not a person subject to suit under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).

As Magistrate Judge Gallagher explained, Mr. Claice cannot state a cognizable claim for relief against Park County unless he demonstrates he suffered an injury caused

by a municipal policy or custom.   *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).   Because Mr. Claice fails to allege any facts that demonstrate he suffered an injury caused by a municipal policy or custom, the constitutional claim against the individual Defendants in their official capacities and the constitutional claim against the Park County Sheriff's Department also will be dismissed as legally frivolous.

The Court will not address at this time the merits of the constitutional claim against Deputy Vermillo in his individual capacity.   Instead, the action will be drawn to a presiding judge and, if applicable, to a magistrate judge.   *See* D.C.COLO.LCivR 8.1(c).   Accordingly, it is

ORDERED that the individual capacity claims against Defendants Park County Sheriff's Department, P.C. Sheriff Fred Wergner, P.C. Undersheriff Monte Gore, P.C. Jail Administrator Capt. Muldoon, P.C. Deputy Corporal Cooper, and P.C. Deputy Brewer are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b).   It is

FURTHER ORDERED that the official capacity claims against all Defendants are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b).   It is

FURTHER ORDERED that Defendants Park County Sheriff's Department, P.C. Sheriff Fred Wergner, P.C. Undersheriff Monte Gore, P.C. Jail Administrator Capt. Muldoon, P.C. Deputy Corporal Cooper, and P.C. Deputy Brewer are dismissed as parties to this action.   It is

FURTHER ORDERED that this case shall be drawn to a presiding judge and, if

applicable, to a magistrate judge.

        DATED at Denver, Colorado, this   25th   day of   September  , 2015.

                              BY THE COURT:

                              s/Lewis T. Babcock
                              LEWIS T. BABCOCK, Senior Judge
                              United States District Court