# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01750-RBJ-CBS

JOHN A. CLAICE,

        Plaintiff,

v.

P.C. DEPUTY VERMILLO,

        Defendant

---

## DEFENDANT'S ANSWER

---

Defendant, P.C. Deputy Vermillo[1], through his attorneys, Jeffrey L. Driscoll of Williams, Turner & Holmes, P.C., submits the following answer to Plaintiff's Prisoner Complaint ("*Complaint*") [*Doc. No. 1*]:

## ANSWER TO ALLEGATIONS

1. The Complaint is made in handwritten, narrative form without numbered paragraphs. Pursuant to the "Order to Dismiss in Part and to Draw Case" dated September 25, 2015 [*Doc. No. 6*], all other Defendants have been dismissed. In addition, all claims have been dismissed except for Plaintiff's <u>Section 1983</u> claim for violation of his Eighth Amendment rights made against Defendant Vermillo in his individual capacity. Consequently, the vast majority of the allegations in the Complaint involve Defendants and claims that have been dismissed. As to the allegations directed at Defendants and claims that have been dismissed, no response is required.

---

[1] The Deputy's correct last name is Vermillion, not Vermillo.

To the extent it is inferred that Defendant Vermillo owed and violated a legal duty to Plaintiff based on the dismissed claims and Defendants, Defendant Vermillo denies the allegations.

2.	Defendant admits jurisdiction as alleged in Part B. of the Complaint.

3.	Defendant admits that Plaintiff was housed at the Park County Jail ("the Jail") for the period of on or about May 29, 2015 to June 24, 2015.  Defendant denies that Plaintiff arrived at the Jail during his shift and Defendant denies that he had any involvement in determining Plaintiff's placement within the Jail initially or at any later time.

4.	Defendant admits that he registered Plaintiff as a sex offender during the period that Plaintiff was being housed at the Jail.  Defendant does not recall the specific date Plaintiff was registered and will rely on Jail records as to the accuracy of the date alleged by Plaintiff.  Absent such records, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the date alleged.

5.	Defendant admits that during the registration process Plaintiff verbally claimed that feces had been sprayed on him.  Defendant denies that Plaintiff gave him a written list which documented dates, times and names of the assailants or that Plaintiff verbally provided him with specific information about any such incident.

6.	Defendant denies that Plaintiff submitted to him a written grievance about a spraying incident by other inmates.  Defendant denies telling Plaintiff that the grievance would be handled.

7.	Defendant admits Plaintiff was returned to the same housing unit that he had been retrieved from after processing Plaintiff's registration as a sex offender.

8.  Defendant denies that he forced Plaintiff back into a dangerous and life threatening situation.

9.  Defendant denies telling any inmates that Plaintiff had been registered as a sex offender or making derogatory remarks about Plaintiff's status as a registered sex offender.

10. Defendant denies that biohazardous assaults increased after Plaintiff was returned to his housing unit following his registration as a sex offender.

11. Defendant was not working when Plaintiff alleges he was assaulted by inmate Jeremy Griego.  Defendant therefore lacks personal knowledge or information sufficient to form a belief as to the truth of the events of the alleged assault and therefore denies the same.

12. Defendant was not involved in the investigation of the assault and was not involved in the reassignment of Plaintiff's placement within the Jail following the assault.  Defendant therefore lacks personal knowledge or information sufficient to form a belief as to the truth of the events following the assault and therefore denies the same.  Defendant admits that Plaintiff was placed in administrative segregation after the assault incident.

13. Defendant denies that he told an inmate that Plaintiff was being placed into protective custody because the Jail would have to provide Plaintiff with a single cell, television, and everything else that the general population is provided.

14. Defendant denies that he encouraged other inmates to continue their abuse of Plaintiff because of Plaintiff's previous sex offense conviction or for any other reason.

15. Defendant denies that he failed to protect Plaintiff, that he failed to act, or that he was deliberately indifferent to Plaintiff.

16. Defendant denies that he acted with malicious intent at any time.

17.	Any allegations of the Complaint not otherwise specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

1.	Some or all of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.	Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

3.	Plaintiff's claims are barred, in whole or in part, based on the failure of personal participation by Defendant in the alleged constitutional violation.

4.	Plaintiff's claims are barred, in whole or in part, based on Plaintiff's failure to exhaust administrative remedies.

5.	Plaintiff's deprivation, if any, was not sufficiently serious and Defendant did not act with a culpable state of mind.  Defendant did not know of and disregard an excessive risk to Plaintiff's health or safety.

6.	Plaintiff's injuries and damages, if any exist, were solely and proximately caused by events and/or persons over which the Defendant had no control and for which Defendant is not legally responsible and which events and/or persons constitute a superseding and intervening cause, including subsequent incidents.

7.	Plaintiff's injuries and damages, if any exist, are attributable to pre-existing and/or subsequent conditions and/or incidents.

8.	Plaintiff has failed to mitigate his damages, if any exist.

9.	Plaintiff's damages are barred or limited, in whole or in part, based on 42 U.S.C. § 1997e.

10.	To the extent Plaintiff has asserted a state law claim, such claim is subject to and barred, in whole or in part, by the Colorado Governmental Immunity Act, *C.R.S. § 24-10-101* et seq.

11.     Defendant reserves the right to assert other affirmative defenses that may be necessary after discovery and investigation of the claims being asserted against him has been conducted.

WHEREFORE, Defendant P.C. Deputy Vermillo requests the Court to deny the relief requested by Plaintiff and to award to Defendant the costs and attorney's fees incurred in defense and any other relief that may be proper and just.

## JURY DEMAND

Pursuant to Rule 38(a), Fed.R.Civ.P., the Defendant demands a trial by jury on all issues so triable.

Dated this 18th day of December, 2015.

/s/ Jeffrey L. Driscoll
Jeffrey L. Driscoll, Reg. No. 21825
WILLIAMS, TURNER & HOLMES, P.C.
P.O. Box 338 / 200 North 6th Street
Grand Junction, CO  81502
Telephone Number:  (970) 242-6262
E-mail: jdriscoll@wth-law.com
*Attorneys for Park County Deputy Vermillo*

Certificate of Service

I hereby certify that on the 18th day of December, 2015, I electronically filed the foregoing DEFENDANT'S ANSWER with the Clerk of the Court using the CM/ECF system and hereby certify that I have served the same via U.S. Mail, postage prepaid, to the following non-CM/ECF participant:

   John A. Claice
   #105782
   San Carlos Correctional Facility
   P.O. Box 3
   Pueblo, CO  81002

/s/ Marlys Bernal
Marlys Bernal, Legal Assistant